UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
www.flmb.uscourts.gov

In re:                                                                    Case No. 2:23-bk-00933-FMD
                                                                                    Chapter 11
LemonKind LLC,

       Debtor.
_____/

**CONFIRMATION AFFIRMATION AND MEMORANDUM
IN SUPPORT OF CONFIRMATION OF AMENDED PLAN OF
<u>REORGANIZATION FOR SMALL BUSINESSES UNDER CHAPTER 11</u>**

    Irene Rojas Stanbury, pursuant to 28 U.S.C. § 1746, hereby declares under penalty of perjury that the following is true and correct:

    1.    My name is Irene Rojas Stanbury. I am over the age of 18 years, and the facts and matters addressed in this affirmation are based on my personal knowledge except where such facts and matters are of a legal nature in which cases I have relied on advice of counsel.

    2.    LemonKind, LLC (the "Debtor") is a Florida limited liability company with its principal place of business located at 836 Anacapa Street, Unit 22955, Santa Barbara, CA 93105.

    3.    The Debtor's income is derived from selling health-centered beverages and dietary supplements.

    4.    I am the Debtor's sole owner and serve as the Debtor's Chief Executive Officer; as such, I am familiar with the Debtor's assets, business, and operations.

    5.    The Debtor timely filed the *Debtor LemonKind LLC's Plan of Reorganization Under Chapter 11, Subchapter V* (Doc. No. 106) (the "Plan") on November 13, 2023 in the above-captioned Chapter 11, Subchapter V bankruptcy case (this "Case"). I am familiar with, and participated in, the negotiations leading to the terms and conditions of the Plan, and the

documents related thereto. I reviewed the Plan and its attachments for accuracy and completeness. Unless otherwise defined herein, capitalized terms shall have the same meaning ascribed to such terms in the Plan.

## **CLASSES OF CLAIMS**

6. The Plan designates, subject to section 1122 of Title 11 of the United States Code ("Bankruptcy Code"), certain classes (collectively, "Classes" and, individually, a "Class") of claims ("Claims")—other than Claims of a kind specified in Bankruptcy Code sections 507(a)(2), 507(a)(3), or 507(a)(8)—and Classes of interests ("Interests"). These Classes of Claims and Interests are designated by those that are impaired and those that are not impaired under the Plan. The Plan also provides for the same treatment for each Claim or Interest of a particular Class.

7. Under Bankruptcy Code section 1123(a)(1), administrative expense claims and priority tax claims are not classified. Instead, the treatment of such claims is provided for in Article 3 of the Plan (as summarized below).

8. The Plan provides for One (1) Class of priority claims, Four (4) classes of secured claims, One (1) class of General Unsecured Claims, and One (1) class of Equity Interest Holders. The treatment for these classes of claims is set forth in Article 4 of the Plan (as summarized below).

    I. **Treatment of Administrative Claims and Priority Tax Claims**

        a. **Administrative Expense Claims**

9. Each holder of an administrative expense claim allowed under § 503 of the Bankruptcy Code will be paid through the Plan within 30 days of the Effective Date, pursuant to

§ 1191(e) of the Bankruptcy Code. The Debtor anticipates administrative expenses totaling approximately $26,500.00.

    **b.  Priority Tax Claims**

10. To the best of the Debtor's knowledge, there are no priority tax claims in this case.

  **II.  Treatment of Classified Claims and Equity Interests**

11. Claims and Equity Interests will be treated under the Plan in the manner set forth in Article 4 of the Plan. Except as otherwise specifically provided in the Plan, the treatment of, and the consideration to be received by, Holders of Allowed Claims and Holders of Allowed Equity Interests pursuant to the Plan will be in full and final satisfaction, settlement, release, extinguishment, and discharge of their respective Allowed Claims (of any nature whatsoever) and Allowed Equity Interests. The Classes are set forth below:

| Class | Description of Claim or Interest | Impaired/Unimpaired |
|---|---|---|
| 1 | Priority Claims | Unimpaired |
| 2 | Secured Claim of claim of Amazon Capital Services, Inc. | Impaired |
| 3 | Secured Claim of Bank of Southern California | Impaired |
| 4 | Secured Claim of Crown Credit Company | Unimpaired |
| 5 | Secured Claim of the Small Business Administration | Unimpaired |
| 6 | Non-priority unsecured claims | Impaired |
| 7 | Equity security interests | Impaired |

  **III.  Objections to Confirmation**

12. Bank of Southern California, N.A. filed a limited objection to confirmation of the Plan [Doc. No. 133] ("Objection").

  **IV.  Confirmation Requirements**

13. Because this is a Subchapter V case, this Confirmation Declaration addresses the requirements of § 1129(a), other than § 1129(a)(15), and the requirements of § 1191.

**A.    Plan's Compliance § 1129(a)(1)**

14. The Plan complies with the applicable provisions of the Bankruptcy Code. By way of example, the Plan:

  i.    designates, subject to Section 1122 of the Bankruptcy Code, Classes of Claims;

  ii.   specifies any class of Claims that are not impaired under the Plan;

  iii.  specifies any class of Claims that are impaired under the Plan and the treatment of any class of Claims or Interest that are impaired under the Plan;

  iv.   provides the same treatment for each Claim of a particular class, unless the holder of a particular claim has agreed to a less favorable treatment of such particular Claim;

  v.    provides adequate means for the Plan's execution; and

  vi.   provides for the assumption and rejection of executory contracts.

15. Accordingly, the Plan satisfies Section 1129(a)(1) of the Bankruptcy Code.

**B.    Proponent's Compliance - § 1129(a)(2)**

16. The Debtor complied with the applicable provisions of the Bankruptcy Code and is qualified to file a Plan. By way of example, the Debtor has:

  i.    performed and complied with the duties imposed under §§ 1184 and 1187 of the Bankruptcy Code;

  ii.   solicited acceptances of the Plan only in accordance the Bankruptcy Code and orders of the Court;

  iii.  obtained court orders for the employment of professionals; and

      iv.     complied with the Bankruptcy Code and the Bankruptcy Rules regarding the use, sale, and lease of property of the estate.

    **C.**     **Good Faith - § 1129(a)(3)**

17.     The Plan has been proposed in good faith and not by any means forbidden by law. Accordingly, the Plan satisfies § 1129(a)(3) of the Bankruptcy Code. Moreover, no party has filed an objection to confirmation asserting that the Plan has not been proposed in good faith and by any means forbidden by law. In the absence of a timely filed objection, pursuant to Rule 3020(b)(2) of the Federal Rules of Bankruptcy Procedure, the Court may determine that the Plan has been proposed in good faith and not by any means forbidden by law without receiving evidence on such issues.

    **D.**     **Payments to Professionals - § 1129(a)(4)**

18.     All payments made, or to be made, by the Debtor in or in connection with this case or in connection with the Plan either have been approved by or are subject to the approval of the Bankruptcy Court. At the hearing on confirmation, or at some time prior to the Effective Date, the Court will determine the extent appropriate and allow as reasonably certain fees and costs of administration.

    **E.**     **Management of the Debtor Following Effective Date - § 1129(a)(5)**

19.     The management of the Debtor will remain the same and shall serve from and after the Effective Date until successors are duly elected or appointed and qualified or until the Debtor is dissolved in accordance with their organizational documents and applicable law.

    **F.**     **Government Approval - § 1129(a)(6)**

20.     No regulatory commission has jurisdiction after confirmation of the Plan over rates of the Debtor.

### G.     Best Interests of Creditors - § 1129(a)(7)

21.     With respect to each impaired class of Claims, each Holder of a Claim of such class has either accepted the Plan or will receive or retain under the Plan on account of such claim, property of a value, as of the Effective Date, not less than the amount such Holder would receive if the Debtor was liquidated under Chapter 7 of the Bankruptcy Code on such date.

22.     As set forth in this Confirmation Declaration, the Plan, and the Liquidation Analysis (attached to the Plan), each Holder of an Allowed Secured or Unsecured Claim will receive at least as much under the Plan as they would receive in a chapter 7 liquidation. Accordingly, the Plan satisfies the "best interests of creditors test" and § 1129(a)(7)(A)(ii) of the Bankruptcy Code.

### H.     Acceptance or Rejection of Plans - § 1129(a)(8)

23.     As set forth in the Plan, Classes 1, 4, and 5 are Unimpaired. Classes 2, 3, 6, and 7 are Impaired. As set forth in the Ballot Tabulation, all Impaired Classes have either voted to accept the Plan, or are expected to vote to accept the Plan prior to or at the confirmation hearing.

### I.     Priority Claims - § 1129(a)(9)

24.     The Plan provides that the Holders of Allowed Administrative Claims will be paid in cash on the Effective Date, pursuant to § 1191(e) of the Bankruptcy Code in accordance with the projections attached to the Plan, or as otherwise agreed to by the applicable Debtor and the claimant.

### J.     Acceptance by an Impaired Class - § 1129(a)(10)

25.     As set forth in the Ballot Tabulation, Classes 2, 3, 6, and 7 are Impaired and have voted to accept the Plan. All other classes are unimpaired under the Plan.

### K.     Feasibility - § 1129(a)(11)

26. Payments required under this Plan will be funded from the Debtor's (i) existing cash on hand on the Effective Date, and (ii) projected disposable income remaining after the payment of operating expenses—all in accordance with the projections attached to the Plan. These funds are sufficient to make the payments to creditors under the Plan. Accordingly, the Plan satisfies the requirements of § 1129(a)(11) of the Bankruptcy Code.

**L.     Trustee's Fees - § 1129(a)(12)**

27. This is a Subchapter V case, so there are no fees payable under § 1930 of Title 28.

**M.     Retiree Benefits - § 1129(a)(13)**

28. There are no unsecured claims for contribution to a retiree benefit plan, and thus no retiree benefits dealt with under the Plan.

**N.     Principal Purpose**

29. The principal purpose of the Plan does not contemplate the avoidance of taxes or the avoidance of the application of § 5 of the Securities Act of 1933.

**O.     Plan's Compliance - § 1191(a), (b)**

30. The Plan satisfies all the applicable requirements of § 1129(a) including (a)(8). Therefore, the Plan is a fully consensual plan and should be confirmed under § 1191(a).

I declare under penalty of perjury that the foregoing is true and correct.

**Executed on December 12, 2023**                                **LEMONKIND, LLC**

By: */s/ Irene Rojas Stanbury*
Irene Rojas Stanbury
*Chief Executive Officer,*
*LemonKind, LLC*
*Debtor and Debtor in Possession*

*Filer's Attestation: Pursuant to*

*Local Rule 1001-2(g)(3) regarding signatures, Mike Dal Lago attests that concurrence in the filing of this paper has been obtained*

**Dated**: December 12, 2023

Respectfully submitted,

**DAL LAGO LAW**
999 Vanderbilt Beach Road
Suite 200
Naples, FL 34108
Telephone: (239) 571-6877

By: */s/ Mike Dal Lago*
MICHAEL R. DAL LAGO
Florida Bar No. 102185
Email: mike@dallagolaw.com
CHRISTIAN GARRETT HAMAN
Florida Bar No. 1017079
Email: chaman@dallagolaw.com
JENNIFER M. DUFFY
Florida Bar No. 1028911
Email: jduffy@dallagolaw.com

*Counsel for LemonKind, LLC, Debtor and Debtor in Possession*

## CERTIFICATE OF SERVICE

I CERTIFY that on this 12th day of December 2023, a true and correct copy of the foregoing shall be electronically served through the Court's CM/ECF Noticing system upon entry to all parties registered for service.

By: */s/ Mike Dal Lago*
MICHAEL R. DAL LAGO
Florida Bar No. 102185