ORDERED.

Dated: February 13, 2024

Caryl E. Delano
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
www.flmb.uscourts.gov

In re:                                                                                                   Case No. 2:23-bk-00933-FMD
                                                                                                         Chapter 11
Lemonkind LLC,

       Debtor.
_____/

**ORDER (I) CONFIRMING
DEBTOR LEMONKIND LLC'S AMENDED
PLAN OF REORGANIZATION UNDER CHAPTER 11,
SUBCHAPTER V, AS FURTHER AMENDED AND MODIFIED
<u>HEREIN; AND (II) SETTING POST-CONFIRMATION STATUS CONFERENCE</u>
(Related Doc. Nos. 106 and 135)**

THIS CASE came on for continued hearing January 24, 2024, at 10:30 a.m. EST (the "Hearing") upon the Plan of Reorganization Under Chapter 11, Subchapter V (Doc. No. 106) ("Plan") filed on November 13, 2023 by Lemonkind LLC, the above-captioned debtor and debtor in possession ("Debtor"), as amended by the First Amendment to Plan of Reorganization (Doc. No. 135) ("Plan Amendment") filed on December 12, 2023 by the Debtor. The Court has reviewed the evidence presented and the record of this case, including the Plan, Plan Amendment, and Confirmation Affirmation and Memorandum in Support of Confirmation of Amended Plan of Reorganization for Small Businesses under Chapter 11 (Doc. No. 136) ("Confirmation Affirmation"). Having considered the evidence presented, the arguments of

counsel, and being otherwise fully advised in the premises, after notice and a hearing, the Court finds and concludes as follows:

**FINDINGS OF FACTS & CONCLUSIONS OF LAW**

A.   **Jurisdiction**. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334, the United States District Court's general order of reference, and other various applicable provisions of Title 11 of the United States Code (the "Bankruptcy Code") and the Federal Rules of Bankruptcy Procedure (each a "Bankruptcy Rule" and, jointly and collectively, "Bankruptcy Rules").

B.   **Venue**. Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

C.   **Notice**. Due, adequate, and sufficient notice of the Plan and the order setting a hearing on confirmation (Doc. No. 111) were served upon all creditors, interest holders, and parties requesting notice. Accordingly, the method of service and solicitation of acceptance of the Plan, notice of the hearing to consider confirmation of the Plan, and notices of all other deadlines or requirements relating thereto (collectively, the "Confirmation Deadlines") were in compliance with the Bankruptcy Rules, were adequate and reasonable under the circumstances of this case, and no further or additional notice of the confirmation hearing or the confirmation deadlines was necessary or required.

D.   **Objections to Confirmation**. Present at the Hearing were Michael R. Dal Lago, Esq. for the Debtor, Kelly Roberts, Esq., on behalf of Bank of Southern California, N.A, , Buffey Klein, Esq. on behalf of Select Brands, LLC, Mr. John Weidner as a representative of Select Brands, the Subchapter V Trustee Ruediger Mueller, and Benjamin Lambers on behalf of the United States Trustee ("UST"). The Bank of Southern California, N.A. (the "Bank SoCal") filed a Limited Objection to Confirmation of the Debtor's Chapter 11 Plan (Doc. No. 133)

("SoCal Objection"). The Debtor and Bank SoCal agreed to the Plan modifications provided in this Order in exchange for the withdrawal of the SoCal Objection. In the event the record at the Hearing was not clear, the SoCal Objection shall be deemed withdrawn. The UST filed its Objection to Confirmation of Plan [Doc. No. 138] which shall also be deemed withdrawn subject to the modifications provided in this Order.

E. **Ballots**. The Plan (subject to the Plan Amendment) and Confirmation Affirmation reflect that Classes 2, 3, 6, and 7 are impaired. Classes 6 and 7 voted to accept the Plan, whereas Classes 2 and 3 agreed to accept the Plan, subject to the amendments reflected in the Plan Amendment and the corresponding modifications set forth herein. No Classes voted to reject the Plan.

F. **Proper Classification of Claims**. The Plan adequately and properly identifies and classifies all claims. Pursuant to Bankruptcy Code section 1122(a), the claims placed in each class are substantially similar to other claims in each such class. Pursuant to Bankruptcy Code section 1123(a)(1), valid legal and business reasons exist for the various classes of claims created under the Plan and such classification does not unfairly discriminate among holders of claims. The classification of claims in the Plan is reasonable.

G. **Specified Unimpaired Classes**. The Plan specifies all classes or claims or interests that are not impaired under the plan.

H. **Specified Treatment of Impaired Classes**. The Plan specifies the treatment of all classes of claims or interests that are impaired under the Plan.

I. **No Discrimination**. The Plan provides for the same treatment of claims or interests in each respective class unless the holder of a particular claim or interest has agreed to a less favorable treatment of such claim or interest.

J.     **Implementation of the Plan**. Pages 3 and 4 of the Plan provide adequate means for the Plan's implementation.

K.     **Interests of the Creditors, Equity Security Holders, & Public Policy**. The Plan contains only provisions that are consistent with the interests of creditors and equity security holders and with public policy with respect to the manner of selection of any officer, director, or trustee under the Plan and any successor to such officer, director, or trustee.

L.     **Assumption & Rejection**. Article 6 of the Plan, pursuant to Bankruptcy Code section 365, provides for the assumption, rejection, or assignment of any executory contract or unexpired lease of the Debtor not previously rejected under such section.

M.     **Additional Plan Provisions**. Each of the provisions of the Plan is appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code.

N.     **Principal Purpose of the Plan**. The principal purpose of the plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933.

O.     **Subchapter V Plan Requirements**. The Plan complies with Bankruptcy Code section 1189 because it was filed by the Debtor not later than 90 days after the order for relief under Chapter 11, or the Court extended the period because the need for the extension was attributable to circumstances for which the Debtor should not justly be held accountable.

P.     **Contents of a Subchapter V Plan**. In compliance with Bankruptcy Code section 1190, the Plan includes: (1) a brief history of the business operations of the debtor, (2) a liquidation analysis, and (3) projections with respect to the ability of the Debtor to make payments under the proposed plan for reorganization. The Plan provides for the submission of all or such portions of the future earnings or other future income of the Debtor as is necessary for the execution of the Plan.

Q. **<u>Satisfaction of Conditions</u>**. The Court finds that the Plan satisfies the applicable requirements of Bankruptcy Code section 1129(a) and, as a result, is a consensual Subchapter V plan under Bankruptcy Code section 1191(a). With respect to the relevant provisions of Bankruptcy Code section 1129(a), the Court finds and concludes as follows:

   i. The Plan and the Plan proponent comply with the applicable provisions of the Bankruptcy Code.

   ii. The Plan was proposed in good faith and not by any means forbidden by law.

   iii. Any payment made or to be made by the Debtor, for services or for costs and expenses in or in connection with the case, or in connection with the Plan and incident to the case, has been approved by, or is subject to the approval of, the Court as reasonable.

   iv. The Plan has disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the plan, as a director, officer, or voting trustee of the Debtor; and the appointment to, or continuance in, such office of such individual, is consistent with the interests of creditors and equity security holders, and with public policy; and the Plan proponent has disclosed the identity of any insider that will be employed or retained by the reorganized debtor, and the nature of any compensation for such insider.

   v. The Plan provides that, with respect to each impaired class of claims or interests, each holder of a claim or interest of such class has accepted the plan, or will receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were

|      | liquidated under chapter 7 of this title on such date, or each holder of a claim of such class will receive or retain under the plan on account of such claim property of a value, as of the effective date of the plan, that is not less than the value of such holder's interest in the estate's interest in the property that secures such claims in compliance with Bankruptcy Code section 1111(b)(2). |
|------|---|
| vi.  | With respect to each class of claims or interests, such class has accepted the Plan, or such class is not impaired under the Plan. |
| vii. | The Debtor knows of no tax claims entitled to priority under Bankruptcy code section 507(a)(8). |
| viii.| If a class of claims is impaired under the Plan, at least one class of claims that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the plan by any insider. |
| ix.  | Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the Plan, unless such liquidation or reorganization is proposed in the Plan. |
| x.   | All fees payable under 28 U.S.C. § 1930, as determined by the Court at the hearing on confirmation of the plan, have been paid or the plan provides for the payment of all such fees on the effective date of the Plan. |
| xi.  | All transfers of property under the Plan shall be made in accordance with any applicable provisions of nonbankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust. |

Accordingly, it is

**ORDERED**:

1.	**Confirmation**. The plan is confirmed under Bankruptcy Code section 1191(a).

2.	**Effective Date**.  The effective date of the Plan ("Effective Date") shall be on or before the 30th day following the date on which this Order becomes final and non-appealable. The Debtor shall file a Notice of Effective Date with the Court on the Effective Date.

3.	**Binding Effect of Plan**. Pursuant to Bankruptcy Code section 1141(a), except as provided in Bankruptcy Code sections 1141(d)(2) and (3), the provisions of the Plan as of the Effective Date bind the Debtor, any entity issuing securities under the Plan, any entity acquiring property under the Plan, and any creditor, whether or not the claim or interest of such creditor is impaired under the plan, and whether or not such creditor or equity security holder has accepted the Plan.

4.	**Post-Confirmation Operation of Business**. Except as otherwise provided in the Plan or in this Confirmation Order, on and after the Effective Date, the Debtor may operate its business and may use, acquire, and dispose of property free of any restrictions of the Bankruptcy Code and Bankruptcy Rules and in all respects as if there were no pending case under any chapter or provisions of the Bankruptcy Code. The Debtor is entitled to retain and compensate professionals without the necessity of further approval of this Court. Except as set forth in the Plan concerning objections to claims, the Debtor may also settle or compromise any claims without Court approval.

5.	**Modifications to the Plan**. The Debtor has agreed to the following Plan modifications:

    a.	Amendment to Article 2.02 ("Class 2")

Article 2.02 of the Plan is STRICKEN and REPLACED in its entirety with the following:

> The allowed claim of Amazon Capital Services, Inc. ("**Amazon Capital**") against the Debtor, pertaining to the Loan Agreement between the parties and the collateral securing the Debtor's obligations under the agreement ("**Amazon Capital Collateral**").

b. Amendment to Article 4.01, Class 2 ("Amazon Capital")

Article 4.01, Class 2 of the Plan is amended to INSERT the following:

> Amazon Capital is permitted to deduct its Plan payments directly from the Debtor's Amazon Seller Account, in accordance with the terms of the Parties' Loan Agreement.

c. Amendment to Article 4.01, Class 5 ("SBA")

Article 4.01, Class 5 of the Plan is amended as follows:

  i. REPLACE the following:

  [ X ] Impaired

  [   ] Unimpaired

  WITH

  [   ] Impaired

  [ X ] Unimpaired

  ii. REPLACE the following:

  This Class is impaired by this Plan and is entitled to vote on this Plan.

  WITH

  This Class is unimpaired by this Plan and is not entitled to vote on this Plan.

d. Amendment to Article 6.01 ("Assumed Contracts & Leases")

Article 6.01 of the Plan is amended to REPLACE "Amazon Servicing Contract" WITH "Business Solutions Agreement with Amazon.com Services, LLC."

e. <u>Amendment to Article 6.02 ("Rejected Contracts and Rejection Damage Claims")</u>

Article 6.02 shall be struck in its entirety.

f. <u>Amendment to Article 7.03 ("Vesting of Assets")</u>

Article 7.03 shall be struck in its entirety.

g. <u>Amendment to Article 8.10 ("Injunction")</u>

Article 8.10 shall be struck in its entirety.

6. **<u>Injunction and Discharge</u>**. Except as otherwise expressly provided in the Plan or in this Confirmation Order, as of the Effective Date: (i) the Debtor shall be discharged from any debt to the fullest extent provided by Bankruptcy Code section 1141(d); and (ii) all holders of any discharged claims against the Debtor are enjoined from enforcing any such claim to the fullest extent provided by Bankruptcy Code section 524(a). To the extent the Plan discharge provisions set forth in section 9.01 of the Plan are inconsistent with this Confirmation Order, Bankruptcy Code section 1141(d), or any other provision of the Bankruptcy Code, this Order, Bankruptcy Code section, and the Bankruptcy Code shall control.

7. **<u>Disbursing Agent</u>**. The Debtor shall make payments under the Plan.

8. **<u>United States Trustee Guidelines</u>**. The Debtor must comply with the guidelines set forth by the Office of the United States Trustee until the closing of this case by the issuance of a Final Decree by the Bankruptcy Court.

9. **<u>Effect of Confirmation Order on Plan</u>**. The failure to reference or address all or part of any particular provision of the Plan herein has no effect on the validity, binding effect, or enforceability of such provision and such provision has the same validity, binding effect, and

enforceability as every other provision of the Plan. To the extent that any inconsistencies exist between the terms of the Plan and this Confirmation Order, the terms of this Confirmation Order shall control.

10. **Executory Contracts and Leases**. Except as otherwise provided in a separate order of the Court, all executory contracts and unexpired leases not otherwise assumed are deemed rejected as of the Effective Date.

11. **Final Fee Applications**. To the extent any professional, including but not limited to Dal Lago Law and the Subchapter V Trustee, seeks an award of compensation for services rendered or reimbursement of expenses incurred through and including the date of the Confirmation Hearing, such professional shall file its respective application for allowance of compensation for services rendered and reimbursement of expenses incurred by the date that is twenty-one (21) days from the date of entry of this Order.

12. **Service of Confirmation Order**. Michael R. Dal Lago, Esq. is directed to serve a copy of this Order on all parties and file a certificate of service within five (5) days of the entry of this Order.

13. **Documents Required to Effectuate Plan**. The Debtor is authorized to execute any and all documents reasonably required to effectuate the provisions of the Plan or prior Orders of this Court.

14. **Modification After Confirmation**. Under Bankruptcy Code section 1193(b), the Debtor may modify the Plan at any time after confirmation and before substantial consummation of the Plan but may not modify the Plan so that the Plan as modified fails to meet the requirements of Bankruptcy Code sections 1122 and 1123, with the exception of Bankruptcy Code section 1123(a)(8). The Plan, as modified under this subsection, becomes the Plan only if

circumstances warrant the modification and the court, after notice and a hearing, confirms this Plan as modified under Bankruptcy Code section 1191(a).

15. **Discharge of the Subchapter V Trustee**. Pursuant to Bankruptcy Code section 1183, the service of the Subchapter V Trustee in the case shall terminate when the Plan has been substantially consummated, except that the United States trustee may reappoint a trustee as needed for performance of duties under Bankruptcy Code sections 1183(b)(3)(C) and 1185(a). On or before the later of thirty (30) days after the granting of a discharge in this Case, or thirty (30) days after the disposition of all adversary proceedings or contested matters, whichever is later, the Debtor's attorney shall file a Motion for Final Decree and Certificate of Substantial Consummation. Prior to the discharge of the Subchapter V Trustee, the Subchapter V Trustee shall comply with Bankruptcy Code section 1194 and distribute any applicable payments in accordance with the Plan.

16. **Jurisdiction**. The Court reserves jurisdiction to determine whether injunctive relief should be granted if any creditor in this case pursues any available rights and remedies under non-bankruptcy law, or any applicable agreements, against Ms. Stanbury.  The Bankruptcy Court also retains jurisdiction to:

    a.    Resolve issues with respect to the Debtor's substantial consummation of the Plan and to the extent the Debtor seeks to amend or modify the Plan;

    b.    Resolve any motions, adversary proceedings, or contested matters, that are pending as of the date of substantial consummation;

    c.    Adjudicate objections to claims;

    d.    Resolve disputes with respect to any and all injunctions created as a result of confirmation of the Plan;

    e.    Adjudicate modifications of the plan under Bankruptcy Code section 1193;

      f.      Review and consider issues associated with the Debtor's final report and entry of final decree, and to enter a final decree; and

      g.      Enter such orders as the Court deems necessary or appropriate with respect to enforcement of the Plan.

17.    **<u>Post-Confirmation Status Conference</u>**. A post-confirmation status conference should be set for March 27, 2024 at 10:00 a.m. EST.

18.    **<u>Claims Listing and Distribution Schedule</u>**. A summary of claims asserted in the case, along with a distribution schedule for such claims, are attached hereto as Exhibit A and Exhibit B, respectively.

Attorney Michael R. Dal Lago is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of the order.

# **EXHIBIT A**

LemonKind LLC
Case 2:23-BK-00933
Claims List

EXHIBIT "A"

| Class | Name of Creditor | Schedule or Claim No. | Name/Address where Notices should be sent | Secured Amount, if any | Priority Amount, if any | General Unsecured Amount, if any | Total Amount | Claim Secured By | Notes | Repayment Terms | Int Rate | Int $ | Total Repayment | % of Total | Payment Amt | Payment Dates |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Secured** | | | | | | | | | | | | | | | | |
| 2 | Amazon Capital Services | 9 | Amazon Capital Services, Inc. c/o K&L Gates LLP Attn: Brian Peterson 925 4th Avenue Suite 2900 Seattle, WA 98104 | $34,542.43 | | | $34,542.43 | All Amazon accounts and property | | 6%, 5 years | 6% | 5,525.69 | 40,068.12 | N/A | 667.80 | 1/1/24-12/31/26 |
| 3 | Bank of Southern CA (SBA ONE 7a loan) | 10 | Bank of Southern California, N.A. 400 Spectrum Center Drive Suite 500 Irvine, CA 92618 | $338,562.80 | | | $338,562.80 | All assets UCC-1 | Creditor letttingus keep the loan under the original payment terms with prime plus 3%, | 12% 10 years | 12% | 242,342.80 | 578,159.80 | N/A | 4,818.00 | 11/8/23-10/8/33 |
| 4 | Crown Equipment Corportation dba Credit Company | 7 | Sebaly Shillito + Dyer LPA c/o Robert Hanseman 40 N. Main St., Ste. 1900 Dayton, OH 45423 | $0.00 | | | $0.00 | Leased Equipment; 1-walkie Stacker Lift Truck | Debtor surrendered the equipment totaling 15,181 for the secured portion of the claim | NA (Equipment returned) | | | | N/A | | |
| 5 | SBA EIDL | 15 | | $66,907.63 | | | $66,907.63 | | Keeping at original loan terms | 3.75% and 30 years | 3.75% | | $66,907.63 | N/A | 731.00 | Original Loan terms |
| **General Unsecured** | | | | | | | | | | | | | | | | |
| 6 | ABF Freight Systems | 3.1 | 12200 MONTAGUE ST , PACOIMA, CA, 91331-2235 | $0.00 | $0.00 | $0.00 | $0.00 | | POC 1 replaces schedule 3.1 (same vendor) | N/A | | | - | | $0.00 | N/A |
| 6 | AddShoppers, Inc. | 3.2 | 15806 Brookway Dr, Ste 200, Huntersville, NC, 28078 | $0.00 | $0.00 | 2,221.34 | $2,221.34 | | | Quarterly over 1/1/24-12/31/2028 | | | 2,221.34 | 0.37% | $444.27 | Quarterly over 1/1/24-12/31/2028 |
| 6 | All Star Delivery Systems, Inc. | 3.3 | 6 Commerce Drive, Cranford, NJ, 07016 | $0.00 | $0.00 | 22,925.00 | $22,925.00 | | | Quarterly over 1/1/24-12/31/2028 | | | 22,925.00 | 3.85% | $4,585.00 | Quarterly over 1/1/24-12/31/2028 |
| 6 | American Express National Bank | 11 | American Express National Bank c/o Zwicker & Associates P.C. PO Box 9043 Andover, MA 01810-1041 | $0.00 | $0.00 | $12,781.00 | $12,781.00 | | | Quarterly over 1/1/24-12/31/2028 | | | 12,781.00 | 2.14% | $2,556.20 | Quarterly over 1/1/24-12/31/2028 |
| 6 | American Express National Bank | 12 | American Express National Bank c/o Zwicker & Associates P.C. PO Box 9043 Andover, MA 01810-1041 | $0.00 | $0.00 | $2,918.30 | $2,918.30 | | | Quarterly over 1/1/24-12/31/2028 | | | 2,918.30 | 0.49% | $583.66 | Quarterly over 1/1/24-12/31/2028 |
| 6 | American Express National Bank (Amex Business Gold Rewards) | 5 | Becket and Lee LLP PO Box 3001 Malvern, PA 19355-0701 | $0.00 | $0.00 | $16,103.80 | $16,103.80 | | | Quarterly over 1/1/24-12/31/2028 | | | 16,103.80 | 2.70% | $3,220.76 | Quarterly over 1/1/24-12/31/2028 |
| 6 | American Express National Bank (Amex Platinum) | 6 | Becket and Lee LLP PO Box 3001 Malvern, PA 19355-0701 | $0.00 | $0.00 | $177,479.52 | $177,479.52 | | | Quarterly over 1/1/24-12/31/2028 | | | 177,479.52 | 29.77% | $35,495.90 | Quarterly over 1/1/24-12/31/2028 |
| 6 | ArcBest, Inc. | 1 | ArcBest, Inc. 3801 Old Greenwood Road Fort Smith, AR 72901 | $0.00 | $0.00 | $16,988.17 | $16,988.17 | | Same vendor as Schedule 3.1 | Quarterly over 1/1/24-12/31/2028 | | | 16,988.17 | 2.85% | $3,397.63 | Quarterly over 1/1/24-12/31/2028 |
| 6 | Atlantic Packaging Products Ltd (CANADA) | 3.7 | 111 Progress Ave, Scarborough, CA, M1 P 2Y9 | | | 22,064.62 | $22,064.62 | | | Quarterly over 1/1/24-12/31/2028 | | | 22,064.62 | 3.70% | $4,412.92 | Quarterly over 1/1/24-12/31/2028 |
| 6 | Cheer Pack North America LLC | 3.8 | 1 United Drive, West Bridgewater, MA, 02379 | | | 1,892.82 | $1,892.82 | | | Quarterly over 1/1/24-12/31/2028 | | | 1,892.82 | 0.32% | $378.56 | Quarterly over 1/1/24-12/31/2028 |
| 6 | Crown Equipment Corporation dba Credit Company | 7 | Sebaly Shillito + Dyer LPA c/o Robert Hanseman 40 N. Main St., Ste. 1900 Dayton, OH 45423 | $0.00 | $0.00 | $0.00 | $0.00 | | Claim 16 Replaces claim 7 | N/A | | | - | 0.00% | $0.00 | N/A |
| 6 | Crown Equipment Corporation dba Credit Company | 16 | Sebaly Shillito + Dyer LPA c/o Robert Hanseman 40 N. Main St., Ste. 1900 Dayton, OH 45423 | $0.00 | $0.00 | $10,013.52 | $10,013.52 | | Objection To Be Filed; Distribution held in reserve account | Quarterly over 1/1/24-12/31/2028 | | | 10,013.52 | 1.68% | $2,002.70 | Quarterly over 1/1/24-12/31/2028 |
| 6 | Crown Equipment Corporation dba Crown Lift Trucks | 8 | Sebaly Shillito + Dyer LPA c/o Robert Hanseman 40 N. Main St., Ste. 1900 Dayton, OH 45424 | $0.00 | $0.00 | $499.84 | $499.84 | | | Quarterly over 1/1/24-12/31/2028 | | | 499.84 | 0.08% | $99.97 | Quarterly over 1/1/24-12/31/2028 |
| 6 | FruitSmart, Inc | 3.10 | Corporate Office, 506 6th Street, Prosser, WA, 99350 | $0.00 | $0.00 | 18,680.52 | $18,680.52 | | | Quarterly over 1/1/24-12/31/2028 | | | 18,680.52 | 3.13% | $3,736.10 | Quarterly over 1/1/24-12/31/2028 |
| 6 | Goldman Sachs LOC | 3.11 | 11850 South Election Road, Draper, UT 84020 | $0.00 | $0.00 | $13,723.20 | $13,723.20 | | | Quarterly over 1/1/24-12/31/2028 | | | 13,723.20 | 2.30% | $2,744.64 | Quarterly over 1/1/24-12/31/2028 |
| 6 | NSF International (Non-GMO Project Verification) | 3.12 | World Headquarters, 789 N. Dixboro Road, Ann Arbor, MI, 48105 | $0.00 | $0.00 | 2,725.00 | $2,725.00 | | | Quarterly over 1/1/24-12/31/2028 | | | 2,725.00 | 0.46% | $545.00 | Quarterly over 1/1/24-12/31/2028 |
| 6 | People Ready Inc | 13 | People Ready Inc 1015 'A' St Tacoma, Wa 98402 | $0.00 | $0.00 | $8,538.06 | $8,538.06 | | | Quarterly over 1/1/24-12/31/2028 | | | 8,538.06 | 1.43% | $1,707.61 | Quarterly over 1/1/24-12/31/2028 |
| 6 | Rakuten Marketing LLC dba Rakuten Advertising | 3.14 | 6985 S Union Park Center #500, Midvale, UT, 84047 | | | 9,346.06 | $9,346.06 | | | Quarterly over 1/1/24-12/31/2028 | | | 9,346.06 | 1.57% | $1,869.21 | Quarterly over 1/1/24-12/31/2028 |
| 6 | Select Brands, LLC | 14 | Select Brands, LLC c/o Kayla Schmidt, Esq. 120 South Riverside Plaza #2200 Chicago, IL 60606-3912 | $0.00 | $0.00 | $59,818.72 | $59,818.72 | | Objection Pending; Distribution held in reserve account | Quarterly over 1/1/24-12/31/2028 | | | 59,818.72 | 10.03% | $11,963.74 | Quarterly over 1/1/24-12/31/2028 |
| 6 | Skjodt-Barrett Foods, Inc. | 4 | Skjodt-Barrett Foods, Inc. 5 Precidio Cort Brampton, Ontario L6S 6B7 Canada | $0.00 | $0.00 | $91,428.62 | $91,428.62 | | | Quarterly over 1/1/24-12/31/2028 | | | 91,428.62 | 15.34% | $18,285.72 | Quarterly over 1/1/24-12/31/2028 |
| 6 | Uline | 2 | Uline 12575 Uline Drive Pleasant Prairie, WI 53158 | $0.00 | $0.00 | $5,881.88 | $5,881.88 | | | Quarterly over 1/1/24-12/31/2028 | | | 5,881.88 | 0.99% | $1,176.38 | Quarterly over 1/1/24-12/31/2028 |
| 6 | Wells Fargo Bank, N.A. (Business LOC) | 3 | Wells Fargo Bank Small Business Lending Division PO Box 29482 MAC S4101-08C Phoenix, AZ 85038 | $0.00 | $0.00 | $82,500.00 | $82,500.00 | | | Quarterly over 1/1/24-12/31/2028 | | | 82,500.00 | 13.84% | $16,500.00 | Quarterly over 1/1/24-12/31/2028 |
| 6 | WG Pro-Manufacturing Inc. (CANADA) | 3.22 | 10 Auction Lane, Brampton, Ontario, Canada, L6T 5V8 | $0.00 | $0.00 | 17,634.61 | $17,634.61 | | | Quarterly over 1/1/24-12/31/2028 | | | 17,634.61 | 2.96% | $3,526.92 | Quarterly over 1/1/24-12/31/2028 |
| | **Total Unsecured** | | | **$0.00** | **$0.00** | **$596,164.60** | **$596,164.60** | | | | | | **$596,164.60** | **100.00%** | **$119,232.92** | |

# **EXHIBIT B**

**LemonKind LLC**
**Plan Projections**
**Case 2:23-BK-00933**

Exhibit B

|  | Year 1<br>**2024** | Year 2<br>**2025** | Year 3<br>**2026** | Year 4<br>**2027** | Year 5<br>**2028** | **Plan Totals** |
|---|---:|---:|---:|---:|---:|---:|
| **Beginning Cash** | 199,834 | 235,735 | 109,458 | 64,143 | 65,221 | 674,391 |
| **Gross Revenue** | 2,429,075 | 2,453,366 | 2,526,967 | 2,615,410 | 2,666,180 | 12,690,998 |
| **Operating Expenses** | | | | | | |
| Cost of Sales | 897,556 | 1,090,207 | 1,047,163 | 1,065,736 | 1,076,398 | 5,177,060 |
| Personnel, including payroll taxes and benefits | 386,756 | 398,190 | 409,624 | 402,956 | 403,043 | 2,000,568 |
| Operational Costs | 80,618 | 81,424 | 82,606 | 83,906 | 84,930 | 413,485 |
| Occupancy Costs | 85,018 | 85,868 | 88,444 | 91,539 | 94,286 | 445,154 |
| General & Administrative | 42,750 | 43,178 | 43,609 | 44,045 | 44,486 | 218,068 |
| Advertising | 680,141 | 686,942 | 707,001 | 732,315 | 746,530 | 3,552,929 |
| **Total Operating Expenses** | 2,172,839 | 2,385,808 | 2,378,447 | 2,420,498 | 2,449,672 | 11,807,265 |
| **Plan Payments** | | | | | | |
| **Administrative Expense Claims** | 26,500 | | | | | 26,500 |
| **Secured Claims** | | | | | | |
| Amazon Capital Services | 8,014 | 8,014 | 8,014 | 8,014 | 8,014 | 40,068 |
| Bank of Southern CA (SBA ONE 7a loan) | 57,816 | 57,816 | 57,816 | 57,816 | 57,816 | 289,080 |
| SBA EIDL | 8,772 | 8,772 | 8,772 | 8,772 | 8,772 | 43,860 |
| **Total Secured Claims** | 74,602 | 74,602 | 74,602 | 74,602 | 74,602 | 373,008 |
| **Total Administrative, Priority Tax, Priority, and Secured Claims** | 101,102 | 74,602 | 74,602 | 74,602 | 74,602 | 399,508 |
| Funds Available | 354,968 | 228,691 | 183,376 | 184,454 | 207,127 | |
| Unsecured Creditors | 119,233 | 119,233 | 119,233 | 119,233 | 119,233 | 596,165 |
| **Ending Cash** | 235,735 | 109,458 | 64,143 | 65,221 | 87,894 | |